BENJAMIN E. NIPPER and PHYLLYS R. NIPPER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Nipper v. Commissioner
Docket No. 4970-81.
United States Tax Court
T.C. Memo 1983-644; 1983 Tax Ct. Memo LEXIS 143; 47 T.C.M. (CCH) 136; T.C.M. (RIA) 83644; October 19, 1983. Benjamin F. Nipper, pro se. Willie Fortenberry, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1978 *145 in the amount of $14,099.76. The issue for decision is whether petitioners are liable for the minimum tax on tax preference items imposed by section 56. [1] Resolution of this issue depends upon whether Benjamin F. Nipper (petitioner) was in the trade or business of professional gambling. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioners, husband and wife, who resided in Orange Park, Florida, at the time they filed their petition in this case, filed a joint Federal income tax return for the calendar year 1978 with the Director, Atlanta Service Center, Atlanta, Georgia. Petitioner is a full-time gambler. During 1978 and for a number of years prior thereto, petitioner regularly gambled on dog races at various race tracks throughout Florida. Petitioner had no other profession or type of employment. Petitioner would make individual bets of from $114 to $200 each. Petitioner used a system bet with a pyramid wagering factor. Petitioner never placed bets for other persons, *146 did not sell advice or tips to others, and did not collect commissions for placing bets. Petitioner was not a bookmaker. During 1978, petitioner had no income other than from betting upon the dog races. Petitioner reported gambling winnings of $277,412.56 and gambling losses of $267,289 for the year 1978. Petitioner's net winnings, $10,123.56, is the amount of taxable income reported on his Federal tax return. Respondent in his notice of deficiency determined that petitioner's wagering losses were itemized deductions and that petitioner was liable for a minimum tax for tax preference items under sections 56 and 57. OPINION It is petitioner's position that he was engaged in the trade or business of gambling during 1978 and that the gambling losses incurred by him and used to offset his gambling winnings do not constitute items of tax preference subject to tax under section 56. [2] Respondent contends that petitioner was not engaged in the trade or business of gambling and that his gambling losses constitute items of tax preference. Respondent argues that since gambling losses are deductible pursuant to section 165(d), and these deductions are not excluded from the definition *147 of adjusted itemized deductions under section 57(b)(1), the deductions for gambling losses constitute items of tax preference under section 57(a)(1). [3]
*148 The facts in the instant case are indistinguishable from those in Ditunno v. Commissioner,80 T.C. 362 (1983), in which we held that the taxpayer was in the trade or business of gambling and that his gambling losses were deductible as trade or business expenses. Petitioner was a full-time gambler who derived all his income from his gambling activities as did the taxpayer in the Ditunno case. On the basis of all the facts here present, we conclude that petitioner was in the trade or business of gambling within the meaning of section 62(1). [4]
Respondent in his brief filed prior to the filing of our opinion in the Ditunno case relies primarily on Gentile v. Commissioner,65 T.C. 1 (1975). In that case we held that a taxpayer's gambling activities did not constitute a trade or business. We determined that carrying on a trade or business "involves holding one's self out to others as engaged in the selling of goods or services." Gentile v. Commissioner,supra at 5-6. However, *149 in the Ditunno case we specifically overruled our holding in Gentile v. Commissioner,supra.
The facts in this case are different from those in the cases, other than the Gentile case, relied on by respondent. For this reason a discussion of most of those cases would serve no useful purpose. However, since respondent argues that the cases of McClanahan v. United States,292 F.2d 630 (5th Cir. 1961), and Humphrey v. Commissioner,162 F.2d 853 (5th Cir. 1947), reversing in part a Memorandum Opinion of this Court, support his position that "taxpayers who suffer losses and receive winnings in separate transactions have been clearly held not to be in the trade or business of gambling," some discussion of these cases is warranted. In our view, all these cases hold is that under a specific provision of the statute (section 23(h) of the Internal Revenue Code of 1939, the predecessor to section 165(d)) a taxpayer may deduct gambling losses to the extent of his gambling winnings without establishing that each transaction resulting in a loss was a transaction entered into for profit. The McClanahan case *150 involves a conviction for criminal tax evasion, and the opinion does not contain a discussion of the trade or business of the taxpayer. The Humphrey case involves a taxpayer who engaged in only three gambling transactions during the year involved. The majority opinion did not discuss whether the taxpayer was engaged in the trade or business of gambling, but the dissenting opinion specifically stated that "The taxpayer does not contend that he was engaged in gambling as a trade or business." Humphrey v. Commissioner,supra at 856. Neither of these cases support respondent's position. On the basis of Ditunno v. Commissioner,supra, and for the reasons stated therein, we hold for petitioner in this case. Decision will be entered for the petitioner.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the year here in issue.↩
2. As the law stood in 1978, sec. 57(a)(1) provided that "adjusted itemized deductions" constituted items of tax preference. The phrase "adjusted itemized deductions" was defined as the amount by which the sum of the deductions for the taxable year, with certain exceptions, exceeded 60 percent of the taxpayer's adjusted gross income for the taxable year. Sec 57(b)(1). Excepted from the deductions added into this formula were "deductions allowable in arriving at adjusted gross income." Sec. 57(b)(1)(A). Sec. 62(1) provides that deductions attributable to a trade or business carried on by the taxpayer constitute deductions allowable in reaching adjusted gross income. Thus, if petitioner was in the trade or business of gambling, his gambling losses would not represent items of tax preference. ↩
3. In taxable years beginning after December 31, 1982, individuals are no longer subject to the minimum tax under sec. 56 though they are subject to the alternative minimum tax imposed pursuant to sec. 55. However, under the newly expanded version of sec. 55, deductible gambling losses do not have the effect of increasing an individual's alternative minimum tax. See Sec. 55(b)(1)(B) and sec. 55(e)(1)(A).↩
4. See also Gajewski v. Commissioner,T.C. Memo. 1983-133; Estate of Cull v. Commissioner,T.C. Memo. 1983-80↩.